SEYFARTH SHAW LLP
Laura J. Maechtlen (SBN 224923)
lmaechtlen@seyfarth.com
Elham Marder (SBN 251981)
emarder@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

SEYFARTH SHAW LLP
Coby M. Turner (SBN 266298)
cturner@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, CA  95814
Telephone:  (916) 448-0159
Facsimile:  (916) 558-4839

Attorneys for Defendant
TARGET CORPORATION

LAW OFFICE OF BOWMAN & ASSOCIATES
Vicki Cody (SBN 157842)
vcody@bowmanandassoc.com
3841 North Freeway Boulevard, Suite 185
Sacramento, CA 95834
Telephone:  (916) 923-2800
Facsimile:  (916) 923-2828

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINH N. LAM,<br><br>                 Plaintiff,<br><br>         vs.<br><br>TARGET CORPORATION and DOES 1 through 50,<br><br>                 Defendants. | Case No. 2:15-cv-01922 KJM-CKD<br><br>**STIPULATION FOR INDEPENDENT MENTAL EXAMINATION OF PLAINTIFF LINH N. LAM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 35 AND ORDER** |

Pursuant to Federal Rule of Civil Procedure 35, Plaintiff Linh N. Lam and Defendant Target Corporation (hereinafter "the Parties"), by and through their respective counsel, hereby stipulate and agree as follows:

1. Plaintiff Linh N. Lam ("Plaintiff") acknowledges that he is claiming ongoing significant emotional distress against Defendant Target Corporation ("Defendant") in the above-referenced matter. As such, Plaintiff acknowledges that Plaintiff's mental condition is in controversy.

2. Plaintiff agrees to submit to a mental examination to be conducted by Dr. Robert Schneider, Ph.D, on September 8, 2016, at 2710 Gateway Oaks Drive, Suite 300-South, Sacramento, CA 95833.

3. The mental examination shall begin at 9:00 a.m. and may continue for up to seven hours. The full mental examination will be completed in one day, without the conduct of additional mental examinations not otherwise described herein. Plaintiff will have a one-hour lunch break, to commence at approximately 12:00 p.m. and end no later than 1:00 p.m. The lunch break will not count towards examination time. In addition to the lunch break, Plaintiff shall be allowed to take reasonable breaks during the examination process, such as bathroom breaks and rest breaks. The mental examination shall end no later than 5:30 p.m.

4. The mental examination will consist of a clinical interview including a personal and social history, educational and work history, legal history, a history of relationships and trauma, psychiatric history, medical history, and an evaluation of the events and claims which Plaintiff alleges were the cause of his emotional damages, as well as an evaluation of any other events in Plaintiff's life which might have contributed to or caused any emotional distress Plaintiff claims to have suffered and claims to continue to suffer. To the extent that Plaintiff's intimate relationships have impacted and may continue to impact his mental health and/or mental state, Dr. Schneider may inquire into such subjects. Dr. Schneider may also inquire into Plaintiff's prior and/or current medical illnesses and medical interventions and past and/or current psychological and psychiatric treatment. The questioning will be limited to topics necessary to evaluate Plaintiff's emotional state and potential sources of emotional distress based on Dr. Schneider's experience and professional judgment. The interview shall also

include a mental status examination which evaluates Plaintiff's mood, speech, personality, thought process, and other mental functions.

5.  As part of the mental examination, Dr. Schneider may decide in his discretion to administer one or more written tests to aid in his overall mental examination of Plaintiff, such as the Minnesota Multiphasic Personality Inventory - 2 (MMPI-2); Millon Clinical Multiaxial Inventory - 111 (MCMI-111); Wonderlic Personnel test; Beck Anxiety Inventory; and Beck Depression Inventory, among others.  All of these tests are routinely used by mental health care professionals while conducting independent mental examinations.  None of these tests are physically intrusive in any way.

6.  No inquiry will be made into conversations Plaintiff has had with his counsel, nor will Plaintiff be asked questions pertaining to counsel's impression regarding his case.

7.  No person except Plaintiff and Dr. Schneider (and his staff) shall attend the examination. Plaintiff shall not communicate with his attorneys, his treating physicians, any other health professionals or experts (other than Dr. Schneider and his staff), or any other person (other than Dr. Schneider and his staff) during the examination, or during any breaks taken during the examination.  Neither Plaintiff nor Defendant may have their counsel present during the examination.

8.  Defendant shall transmit a copy of this stipulation to Dr. Schneider to promptly advise him that he must comply with the limitations imposed by this stipulation.

9.  Defendant shall bear the costs of such examination.

10. Defendant shall provide Plaintiff's counsel a copy of the entire report within 24 hours of it being shown or provided to Defense Counsel.

///
///
///
///
///
///

**IT IS SO STIPULATED.**

DATED: August 24, 2016                              SEYFARTH SHAW LLP


By: _____
    Laura Maechtlen
    Elham Marder
    Coby M. Turner
Attorneys for Defendant
TARGET CORPORATION


DATED: August 24, 2016                              LAW OFFICE OF BOWMAN & ASSOCIATES


By: _____
    Vicki Cody
Attorneys for Plaintiff
LINH N. LAM


### ORDER

The Court, having considered the stipulation of the parties, hereby approves the stipulation in its entirety.

**IT IS SO ORDERED.**

**Dated:  August 24, 2016**

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3